(69 South. 281)

No. 21253.

LONG v. LOUISIANA CREOSOTING CO.

(June 29, 1915.)

*(Syllabus by the Court.)*

1. WATERS AND WATER COURSES ⬤➞69—POLLUTION OF STREAM — REASONABLENESS OF USE—QUESTION OF FACT.

In an action for damages by one riparian owner against another for the pollution of a water course, the question, whether the use that polluted the stream was a reasonable or an unreasonable use is for the judge or jury to determine from all of the circumstances of the case.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 60, 61; Dec. Dig. ⬤➞69.]

2. INJUNCTION ⬤➞10—RIGHT TO RELIEF.

A perpetual injunction will not be granted to prevent the defendant from doing that which he does not threaten nor claim a right to do.

[Ed. Note.—For other cases, see Injunction, Dec. Dig. ⬤➞10.]

Appeal from Fifth Judicial District Court, Parish of Winn; Cas Moss, Judge.

Action by Albert J. Long against the Louisiana Creosoting Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Grisham & Oglesby, of Winnfield, for appellant. Julius T. Long, of Winnfield, for appellee.

O'NIELL, J. The plaintiff sued for $2,200 damages alleged to have been done to his farm by the pollution of a creek that runs through it. The defendant owns and operates a creosoting plant on or near the bank of the creek, about a mile and a half above the plaintiff's farm. In addition to the demand for damages, the plaintiff prayed that the defendant be perpetually enjoined from allowing any creosoting oil or fluid to escape from its plant and flow into the creek.

The district court rendered judgment in favor of the plaintiff for $200, and the defendant appealed. The plaintiff has answered the appeal, praying that the judgment be amended so as to give him all the relief prayed for in his petition.

Having examined a record containing 373 pages of typewritten testimony, we arrive at the conclusion that the judgment is liberal, but not excessive.

[1] The defendant's counsel rely upon the doctrine that the right of a riparian owner to have the water unimpaired as to its purity is subject to the right of other riparian owners to make a reasonable use of the stream. Am. & E. Enc. of Law, vol. 30, p. 382. The question, however, whether a use that pollutes a water course is a reasonable or an unreasonable use is for the judge or jury to determine from all of the circumstances of a case, including the nature of the water course, its adaptability for particular purposes, the extent of injury caused to the lower riparian owner, etc. Id. p. 383.

[2] There is no good reason for granting a perpetual injunction in this case. The injury to the plaintiff's farm was not done willfully or deliberately, but was the result of negligence on the part of the defendant in the construction of its plant and underground

oil tanks. The defendant is not claiming the right nor threatening to cause further injury to the plaintiff by polluting the creek; hence the district judge found no cause for a perpetual injunction.

Although the plea of prescription of one year may be good as to some of the items of damage sued for, it was properly overruled as to the items which we assume formed the basis of the judgment appealed from.

The judgment is affirmed, at the cost of the appellant.